FILED                                                                                              -PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2007 SEP 13 PM 1:49

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

OSVALDO SANTANA, 91-A-4295,

          Plaintiff,

                                                        DECISION AND ORDER
     -v-                                                 07-CV-0098A

M. OLSON, Correction Officer,
MARTIN KEARNEY, Captain, and
ANTHONY ZON, Superintendent,

          Defendants.

## INTRODUCTION

Plaintiff, Osvaldo Santana, an inmate of the Wende Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos. 2 and 4). Plaintiff claims that on January 11, 2006, defendant M. Olson, a correctional officer, stated in a written misbehavior report that while pat frisking plaintiff before a "[s]ergeant's interview" he found a razor blade.[1] He also claims that defendant Martin Kearney, the Tier III Superintendent's Hearing Officer, violated plaintiff's rights to due process when he made repeated requests to extend the Hearing, failed to allow plaintiff to call inmate witnesses, and that the inmate witnesses he did call were questioned outside the presence of plaintiff without plaintiff being provided an opportunity to listen to the witnesses' testimony. On February 15, 2006, Kearney affirmed the charges set forth in the misbehavior report and sentenced plaintiff to some unspecified period of time in SHU.

---

[1] Plaintiff was immediately taken to the Special Housing Unit where it appears he remained until the reversal of his Superintendent's Hearing on April 24, 2006.

On April 24, 2006, Donald Selsky, Director of Special Housing/Inmate Disciplinary Program, reversed the Superintendent's Hearing.

Plaintiff also alleges that defendant Anthony Zon, the former Superintendent at Wende, violated plaintiff's rights to due process when plaintiff was placed in the Special Housing Unit and that Zon failed to "ensure that his direct subordinates [*i.e.*, Kearney] carried out his policies."

For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, his claims against Olson and Zon are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the remaining procedural due process claim against Kearney.[2]

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*.

Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915. Sections 1915 and

---

[2] "In the absence of a detailed factual record," the Court of Appeals has "affirmed dismissal of due process claims only in cases where the period of time spent in SHU was exceedingly short-less than the 30 days that the *Sandin* [*v. Conner*, 515 U.S. 472, 484 (1995)] plaintiff spent in SHU-and there was no indication that the plaintiff endured unusual SHU conditions." *Palmer v. Richarson*, 364 F.3d 60, 65-66 (2d Cir. 2004).

1915A "provide an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). "Section 1915 governs proceedings *in forma pauperis,* while § 1915A applies to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid a filing fee." *Shakur*, 391 F.3d at 112.

Further, in evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, --- F.3d ----, 2007 WL 1989336, *5 (2d Cir. July 11, 2007) (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1965 (2007).

"The settled rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citations and internal quotation marks omitted) (applying both §§ 1915 and 1915A). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted pro se." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Based on its evaluation of the complaint, the Court finds that plaintiff's claims against Olson and Zon must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

1. <u>Claims Against Olson</u>

Plaintiff alleges that defendant Olson submitted a misbehavior report in which he charged plaintiff with violations of various prison rules. This report led to the Superintendent's Hearing and alleged due process violations. While the complaint does not specifically allege that the misbehavior report was false, that is the only way the Court can logically construe the allegations against Olson. As such, the claims against Olson must be dismissed because the filing of a false behavior report by a correctional officer does not state a claim for relief. *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"), *cert. denied*, 485 U.S. 982 (1988)); *Husbands v. McClellan*, 957 F. Supp. 403 (W.D.N.Y. 1997). The only constitutional violation that could occur in this situation is if plaintiff were not provided adequate due process in any proceeding which is based upon the misbehavior report. In that case, the claim is not based on the truth or falsity of the misbehavior report but instead on the conduct of the hearing itself.

2. <u>Claims Against Zon</u>

Plaintiff claims that Zon should liable for the alleged due process violations that arose from the Superintendent's Hearing conducted by Kearney but the allegations against Zon make clear that plaintiff seeks to hold him liable only in his supervisory role as the former superintendent at Wende. This is insufficient to state a claim against Zon under 42 U.S.C. § 1983. It is axiomatic that proof of an individual defendant's personal involvement in the alleged wrong is a prerequisite to liability on a claim for damages under §§ 1983. *See, e.g., Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). A claim which fails to demonstrate a defendant's personal involvement in the alleged constitutional deprivation is subject to *sua sponte* dismissal. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997). The complaint

alleges nothing that would establish that Zon was personally involved in the alleged due process violations alleged and, accordingly, the claims against him must be dismissed.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's claims against defendants Olson and Zon are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and the U.S. Marshal is directed to serve the summons and complaint on Martin Kearney regarding the remaining due process claim.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the claims against defendants Olson and Zon are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants Olson and Zon as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Martin Kearney, Captain, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

DATED: September 5, 2007
Rochester, New York