UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

OSVALDO SANTANA,

                            Plaintiff,

          v.

M. OLSON, Correction Officer,
MARTIN KEARNEY, Captain, and
SUPERINTENDENT ANTHONY ZON,

                            Defendants.

**DECISION
and
ORDER**

**07-CV-00098F
(consent)**

---

APPEARANCES:  OSVALDO SANTANA, *Pro Se*
91-A-4295
Wende Correctional Facility
3622 Wende Road
P.O. Box 1187
Alden, New York 14004-1187

ANDREW M. CUOMO
Attorney General, State of New York
Attorney for Defendants
MICHAEL A. SIRAGUSA
Assistant New York Attorney General, of Counsel
Main Place Tower
Suite 300A
350 Main Street
Buffalo, New York 14202

## JURISDICTION

On February 24, 2009, the parties to this action consented, pursuant to 28 U.S.C. § 636(c)(1), to proceed before the undersigned. The matter is presently before the court on motions for summary judgment filed by Defendants on December 1, 2009 (Doc. No. 23), and by Plaintiff on January 21, 2010 (Doc. No. 29).

## BACKGROUND

On February 21, 2007, Plaintiff Osvaldo Santana ("Plaintiff" or "Santana"), while incarcerated at Wende Correctional Facility ("the correctional facility"), in Alden, New York and proceeding *pro se*, commenced this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants, all employees of New York State Department of Corrections ("DOCS"), including Corrections Officer M. Olson ("Olson"), Captain Martin Kearney ("Kearney"), and Superintendent Anthony Zon ("Zon"), deprived Plaintiff of due process in violation of the Fourteenth Amendment. Plaintiff particularly alleges Olson subjected Plaintiff to a false Inmate Misbehavior Report ("the misbehavior report" (First Claim), that in conducting a Tier III disciplinary hearing regarding the misbehavior report, Defendant Kearney, the hearing officer, repeatedly and improperly postponed the hearing, denied Plaintiff the right to call inmate witnesses, and took testimony from a witness outside Plaintiff's presence (Second Claim), and Defendant Zon failed to adequately supervise Olson and Kearney (Third Claim). By Order filed September 13, 2007 (Doc. No. 5), the claims against Olson and Zon were dismissed, such that only the Second Claim against Defendant Kearney ("Defendant"), remains in the action.

On December 1, 2009, Defendant filed a motion for summary judgment (Doc. No. 23) ("Defendant's Motion"), supported by the Declaration of Martin Kearney (Doc. No. 24) ("Kearney Declaration"), with attached exhibits A through F ("Kearney Declaration Exh(s). __"), the Declaration of Donald Selsky (Doc. No. 25) ("Selsky Declaration"), with attached exhibits A through C ("Selsky Declaration Exh(s). __"), a Statement of Undisputed Facts (Doc. No. 26) ("Defendant's Statement of Facts"), and a Memorandum of Law in Support of Defendant's Motion for Summary Judgment (Doc.

No. 27) ("Defendant's Memorandum").  On January 21, 2010, Plaintiff filed a motion for summary judgment (Doc. No. 29) ("Plaintiff's Motion"), supported by the attached Affidavit of Osvaldo Santana ("Santana Affidavit"), and exhibits A through F ("Plaintiff's Exh(s). __").  On February 16, 2010, Defendant filed the Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (Doc. No. 31) ("Defendant's Response"), and the Declaration of Assistant Attorney General Michael A. Siragusa in Opposition to Plaintiff's Motion for Summary Judgment (Doc. No. 32) ("Siragusa Declaration").  Oral argument was deemed unnecessary.

Based on the following, Defendant's Motion is GRANTED; Plaintiff's Motion is DENIED.

## **FACTS**[1]

In a misbehavior report prepared by Olson on January 11, 2006 ("the misbehavior report"), Plaintiff was with charged with possession of a weapon, a razor blade, Olson found during a pat frisk of Plaintiff prior to a scheduled sergeant's interview.  Upon finding the weapon, Plaintiff was placed in the correctional facility's Special Housing Unit ("SHU"), pending a Tier III disciplinary hearing commenced on January 17, 2006.  Hearing Tr.[2] at 1  Because two employee witnesses, Olson and Corrections Officer Benson ("Benson"),[3] requested by Kearney were not available, the

---

[1] Taken from the pleadings and motion papers filed in this action.

[2] References to "Hearing Tr." are to the transcript of Plaintiff's January 17, 2006 disciplinary hearing, attached as Exh. B to the Kearney Declaration.

[3] Benson is not a party to this action.

hearing was adjourned several times. Hearing Tr. at 3. On February 7, 2006, the hearing resumed and testimony was taken from one Sergeant Zydel ("Zydel"), at Plaintiff's request. Hearing Tr. at 3-4. Because Olson was still unavailable to testify, the hearing was again adjourned. Plaintiff remained confined in SHU throughout the hearing extensions. In total, the hearing was adjourned nine times, and finally concluded on February 15, 2006, without any testimony having been given by Olson or Benson, or any inmates. Plaintiff maintains that instead of permitting Plaintiff to call certain inmates as witnesses at the hearing, Kearney interviewed the inmates outside Plaintiff's presence, and then refused to permit Plaintiff to listen to tape recordings of Kearney's interviews of the inmate witnesses.

On February 15, 2006, Kearney found Plaintiff guilty of the charged violation, and sentenced Plaintiff to sixty days confinement in the correctional facility's Special Housing Unit ("SHU"), along with a loss of privileges, and an additional thirty days SHU confinement which was suspended. Plaintiff served a total of 60 days in SHU.

Through DOCS's administrative appeals process, Plaintiff appealed the disposition claiming he was only returning the weapon and that he was improperly denied witnesses at the hearing. On April 24, 206, Plaintiff's guilty disposition was vacated by SHU Director Donald Selsky ("Selsky"), on the ground that "the circumstances surrounding the incident [did] not warrant disciplinary action." Selsky Memorandum, Kearney Declaration Exh. E. According to Selsky, his decision to reverse Kearney's disposition was based on questions Selsky had regarding Plaintiff's culpability, including whether Plaintiff, as Plaintiff maintained at the disciplinary hearing, intended to return the razor blade to the sergeant during the interview prior to which

4

Olson found the weapon during the pat frisk. Selsky Declaration ¶¶ 8-9.

**DISCUSSION**

Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir. 1991). The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322. "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. County of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (quoting *Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007)). Once a party moving for summary judgment has made a properly supported showing of the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995).

Once a party moving for summary judgment has made a properly supported showing as to the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be

sufficient to support a jury verdict in its favor and "may not simply rely on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995) (citing cases). Furthermore, "factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir.1996).

Defendant Kearney is alleged to have violated Plaintiff's civil rights under 42 U.S.C. § 1983, pursuant to which an individual may seek damages against any person who, under color of state law, subjects such individual to the deprivation of any rights, privileges, or immunities protected by the Constitution or laws of the United States. Section 1983, however, "'is not itself a source of a substantive rights,' but merely provides 'a method for vindication of federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Thus, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989); and *Baker*, *supra*, at 140).

Here, Plaintiff maintains Defendant Kearney violated Plaintiff's Fourteenth Amendment right to due process by failing to follow proper procedure in repeatedly postponing the disciplinary hearing in connection with the misbehavior report, taking testimony from a witness without Plaintiff present and denying Plaintiff's request to take testimony from inmate witnesses, instead interviewing such inmates outside Plaintiff's presence, and refusing to permit Plaintiff to listen to tape recordings of Kearney's interviews of the witnesses, and sentencing Plaintiff to 60 days SHU confinement with

6

loss of privileges. Complaint, Second Claim at 5A-B. Defendant sets forth several arguments in support of summary judgment, including (1) sixty days of SHU confinement does not implicate any protected liberty interest; (2) denial of inmate witnesses at a prison disciplinary hearing is not a Fourteenth Amendment due process violation; (3) Kearney did not take any testimony outside Plaintiff's presence; (4) the hearing extensions were properly obtained; and (5) Kearney is qualifiedly immune from liability on the allegations against him in this action.

Plaintiff has not filed any papers in opposition to Defendant's Motion but, rather, has filed a motion for summary judgment, asserting that the February 15, 2006 Tier III Disciplinary Hearing establishes that Defendant Kearney failed to properly investigate the weapons possession charge, and failed to follow proper DOCS procedures in requesting extensions of the disciplinary hearing. Plaintiff's Motion at 2. In opposition to Plaintiff's Motion, Defendant asserts that Plaintiff has not filed anything disputing the facts as asserted by Defendant, Defendant's Response at 2-3, arguing that Defendant's conduct did not violated Plaintiff's right to due process, Defendant's Response at 3-12, and that Defendant is entitled to qualified immunity. *Id*. at 12-14.

Because the court finds that Plaintiff has alleged violations of statutory or constitutional rights that were clearly established on the relevant dates, the court does not address whether Defendant is qualifiedly immune from liability on Plaintiff's claims against him. *See Pearson v. Callahan*, __ U.S. __, 129 S.Ct. 808, 815 (2009) (holding qualified immunity shields law enforcement or prison officials who perform discretionary functions from liability if their conduct does not violate clearly established statutory or constitutional rights of which, as relevant, a reasonable prison official would have

known, and citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Washington Square Post No. 1212 v. Maduro*, 907 F.2d 1288, 1291 (2d Cir. 1990). Instead, the court addresses the merits of Plaintiff's claims against Kearney.

Plaintiff claims Kearney violated Plaintiff's constitutional right to due process by repeatedly obtaining extensions of the disciplinary hearing without following established DOCS procedures, conducting the disciplinary hearing without Olson present, and interviewing the inmate witnesses outside Plaintiff's presence without permitting Plaintiff to listen to the recordings of such interviews. Complaint, Second Claim at 5A-5B. The undisputed facts, however, establish that Defendant's actions did not violate any constitutional due process right.

First, with regard to Plaintiff's claim that he was deprived of due process by Defendant's repeated requests for extensions to complete the disciplinary hearing, 7 N.Y.C.R.R. § 251-5.1(b) ("§ 251-5.1(b)") provides that

> The disciplinary hearing or superintendent's hearing must be completed within 14 days following the writing of the misbehavior report unless otherwise authorized by the commissioner or his designee. Where a delay is authorized, the record of the hearing should reflect the reasons for any delay or adjournment, and an inmate should ordinarily be made award of these regulations unless to do so would jeopardize institutional safety or correctional goals."

A state prison regulation may create a Fourteenth Amendment due process right, especially where at issue is freedom from restraint imposing "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Nevertheless, here, the record indicates that although Plaintiff's disciplinary hearing was not completed within 14 days of the writing of the misbehavior report, Defendant Kearney submitted each hearing extension to the

8

office of the Special Housing/Inmate Discipline in Albany, New York, and that each request was granted. *See* Kearney Declaration ¶ 7-8, and Kearney Declaration Exh. C (establishing each requested disciplinary hearing extension was submitted to, and granted by, the Special Housing/Inmate Disciplinary Program in Albany). Significantly, Plaintiff neither argues, nor points to any evidence establishing that Kearney's requested extensions were inadequate to comply with § 251-5.1(b). Thus no liberty interest established by state law was violated. As such, Plaintiff has failed to meet his burden of establishing the existence of an issue of material fact to avoid summary judgment on this claim for which summary judgment is GRANTED in favor of Defendant.

With regard to Plaintiff's allegation that Kearney failed to call as witnesses inmates requested by Plaintiff, the record establishes that the only witness Plaintiff requested was Sergeant Zydel ("Zydel"), who was called and testified at the hearing on January 17, 2006. January 17, 2006 Hearing Transcript (Kearney Declaration Exh. B) at 1, 3-4; and E (Hearing Record Sheet showing Plaintiff requested only Zydel as witness). Not only is the record is devoid of any evidence establishing Plaintiff requested any inmate witnesses, Plaintiff has not even identified the inmates he maintains he wanted to call. Plaintiff thus has failed to meet his burden on summary judgment to establish a material issue of fact as to this issue. The record establishes that Kearney did not violated Plaintiff's right to due process by failing to call inmate witnesses and Defendant's Motion is GRANTED on this claim.

Nor is there any evidence that Kearney, as Plaintiff alleges, interviewed any witnesses outside Plaintiff's presence, and then refused to permit Plaintiff to listen to

9

recordings of such interviews, an accusation which Kearney denies. Kearney Declaration ¶ 15.  In support of Defendant's Motion, Kearney explains that his disposition following the hearing was based on the Misbehavior Report, Plaintiff's hearing testimony, and Zydel's hearing testimony.  *Id*. ¶ 12.  Kearney's statement is consistent with the Tier III Hearing Disposition Report.  Kearney Declaration Exh. D at 2 (stating evidence Kearney relied upon included the Misbehavior Report authored by Olson, and the hearing testimony of Plaintiff and Zydel).

Plaintiff neither challenges the accuracy of the Tier III Hearing Disposition Report, nor submits any evidence suggesting Kearney interviewed any witnesses outside Plaintiff's presence, tape recorded the interviews, and then denied Plaintiff the opportunity to listen to the recorded interviews.  In fact, the record is devoid of any copies of any written requests to listen to the asserted recorded interview, and there is no reference within the transcript of the hearing testimony to any such request.  Even had Plaintiff submitted an affidavit challenging Defendant's assertions on this point, which Plaintiff has not done, the affidavit, without more, would be insufficient to avoid summary judgment on this issue.  *Hayes*, 84 F.3d at 619 ("factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial.").  Summary judgment on this claim is thus GRANTED in favor of Defendant.

Finally, although Plaintiff also challenges Kearney's sentencing Plaintiff to sixty days of confinement in SHU with loss of privileges, such sentence cannot constitute a procedural due process violation of a protected liberty interest unless the sentence is imposed in the absence of due process.  *See Sealey v. Giltner*, 116 F.3d 47, 51-52 (2d Cir. 1997) (whether deprivation of a protected liberty interest occurred without due

process of law must be considered in determining whether prison disciplinary sentence imposed constituted due process violation; citing *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996)). It is significant that Selsky's reversal of Kearney's guilty disposition was not based on a lack of due process but, rather, because "the circumstances surrounding the incident do not warrant disciplinary action." Selsky Memorandum, Kearney Declaration Exh. E. As Selsky explains, he decided to reverse Kearney's disposition not because of any perceived due process violation, but because Selsky had a different opinion as to whether Plaintiff, as Plaintiff consistently argued in opposition to the disciplinary charge, *see*, *e.g.*, Hearing Tr. at 4, intended to turn the razor blade over to the sergeant during the interview prior to which Olson found the razor blade during the pat frisk. Selsky Declaration ¶¶ 8-9.

Because, as discussed, *supra*, at 7-10, none of Kearney's actions Plaintiff challenges constitute due process violations, the disciplinary sentence was not imposed by Kearney in the absence of due process. Summary judgment on this claim is GRANTED in favor of Defendant.

## **CONCLUSION**

Based on the foregoing, Defendants' motion for summary judgment (Doc. No. 23) is GRANTED; Plaintiff's motion for summary judgment (Doc. No. 29) is DENIED. The Clerk of the Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: August 25, 2010
Buffalo, New York

**Any appeal of this Decision and Order to the United States Court of Appeals for the Second Circuit, New York, New York, must be filed within thirty (30) days of the date of judgment in accordance with Fed.R.App. 4(a)(1)(A) and (c).**